[843 NYS2d 88]

In the Matter of JUDAH J. TAUB (Admitted as JUDAH JOSEPH TAUB), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 11, 2007

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated July 7, 2006, containing one charge of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent supports the Grievance Committee's motion to confirm the Special Referee's report and requests the imposition of a two-year suspension.

Charge one alleges that the respondent has been convicted of a serious crime within the meaning of 22 NYCRR 691.7 (b) and Judiciary Law § 90 (4) (d).

On or about June 14, 2002, an indictment was filed in the Supreme Court, New York County, charging the respondent with grand larceny in the first degree and scheme to defraud in the first degree.

On July 19, 2004, the respondent entered a plea of guilty before the Honorable James A. Yates of the Supreme Court, New York County, to the amended and reduced charge of offering a false instrument for filing in the second degree, a class A misdemeanor, in violation of Penal Law § 175.30, in full satisfaction of the indictment. On November 29, 2004, the respondent was sentenced to three years probation, on the conditions that he file amended federal, state, and city tax returns for the years 1998 through 2002, and that he comply with any settlement agreement which has been ordered by the court in the corollary civil case.

Inasmuch as the charge is totally uncontested, it was properly sustained by the Special Referee. Accordingly, the Grievance

Committee's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, the respondent contends that the facts of this case are somewhat unique and do not fit squarely within prior disciplinary cases decided by this Court involving financially-motivated crimes.

Notwithstanding that the respondent's misconduct does not emanate from the practice of law, he stands convicted of a serious crime predicated upon a long-standing practice of misrepresentation. The respondent had ample opportunity to disengage from his practice of submitting false filings well before being indicted. He chose not to do so. Under the circumstances, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and MASTRO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Judah J. Taub, admitted as Judah Joseph Taub, is suspended from the practice of law for a period of five years, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Judah J. Taub, admitted as Judah Joseph Taub, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding

himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Judah J. Taub, admitted as Judah Joseph Taub, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).